INDIANA, BLOOMINGTON & WESTERN RAILWAY COM-
PANY.

v.

HENRY CRAIG.

FIRE FROM SPARKS OF ENGINE—EVIDENCE REBUTTING PRIMA FACIE
CASE AGAINST RAILROAD COMPANY.—Where damage is caused by a fire
communicated to property from sparks of an engine, the *prima facie* case
made out under the statute (R. S. 1881, Ch. 114, § 89) is rebutted by the
company showing that at the time of the accident the engine, smoke stack
and spark arrester were all safe and in good order and the engineer in charge
of the locomotive was experienced and competent and properly performed
his duty.

APPEAL from the Circuit Court of McLean county; the
Hon. O. T. REEVES, Judge, presiding. Opinion filed Febru-
ary 5, 1884.

Mr. F. Y. HAMILTON, for appellant; cited C. & A. R. R.
Co. v. Quaintance, 58 Ill. 389; R. R. I. & St. L. R. R. Co. v.
Rogers, 62 Ill. 346; I. C. R. R. Co. v. Mills, 42 Ill. 407; C. &
A. R. R. Co. v. Bloomfield, 7 Bradwell, 211; C. & A. R. R.
Co. v. Smith, 11 Bradwell, 348; C. & N. W. Ry. Co. v. Bal-
ler, 7 Bradwell, 625.

It should be shown that the fire emanated from the engine:
St. L., V. & T. H. R. R. Co. v. Funk, 85 Ill. 460; C. &. A.
R. R. Co. v. Clampit, 63 Ill. 95 ; I. C. R. R. Co. v. Fra-
zier, 64 Ill. 28;. P., C. & St. L. R. R. Co. v. Campbell, 86 Ill.
443.

Mr. W. E. HUGHES, for appellee.

HIGBEE, J. A judgment was rendered in this case against
appellant for the value of a stack of hay, burned, as is alleged,
by sparks emitted from a locomotive drawing a passenger
train going west on appellant's road, on the afternoon of
March 17, 1883. No one saw the commencement of the fire,
but there is no doubt from the evidence that it commenced
outside of appellant's right of way, in some dry grass in the

field of Mr. Long, and ran from thence across the field into the meadow of appellee where the stack was burned.

Assuming that the fire was caused by sparks from the locomotive, this made out a *prima facie* case under the statute entitling appellee to recover, unless the same was rebutted by proof by appellant. This it has successfully done by proof showing that the smoke stack was supplied with the best appliances for arresting sparks, in use or known to the profession of locomotive engineers; that it was examined in the shops of the company by a skilled boiler maker on the day before and the day after the accident, and found to be in good condition and safe. The engineer in charge of the locomotive at the time of the accident was experienced and competent and properly performed his duty, and the engine, smoke stack and spark arrester were all safe and in good order, and the grade nearly a level, requiring no extra steam.

The proof of these facts fully rebutted the presumption of negligence arising from the mere fact that the fire was occasioned by the passing train, and entitled appellant to a verdict. C. &. A. R. R. Co. v. Quaintance, 58 Ill. 389. The verdict was not supported by the evidence, and the court erred in not granting a new trial.

Judgment reversed and cause remanded.