| | |
|---|---|
| 133 | 21 |
| 47a | 507 |
| 133 | 21 |
| 58a | 161 |
| 133 | 21 |
| 70a | 512 |
| 133 | 21 |
| 75a | 438 |
| 133 | 21 |
| 177 | 520 |
| 81a | 396 |
| 133 | 21 |
| 84a | 40 |

| | |
|---|---|
| 133 | 21 |
| 202 | ²142 |
| 105a | ³ 68 |

The Chicago and Eastern Illinois Railroad Company

*v.*

Antoine Goyette.

*Filed at Ottawa May 14, 1890.*

1. NEGLIGENCE—*combustible materials on right of way—duty of railroad companies.* Under section 2 of the act of 1874, in relation to fencing and operating railroads, making it the duty of all railroad corporations to·keep their right of way clear from all dead grass, dry weeds and other dangerous combustible material, a failure of a railway company to keep its right of way clear of combustible material other than dead grass and dry weeds can not be held to be negligence *per se*, unless such combustible material is dangerous; but a failure to perform a duty commanded by statute may be properly denominated negligence *per se.*

2. In an action against a railway company, to recover for the burning of the plaintiff's property by fire communicated by an engine to the right of way, the court, for the plaintiff, instructed the jury, "that if the right of way was not clear of dry weeds and combustible materials, but that the fire took on said right of way in consequence of such combustible material being there, and was thus communicated to the plaintiff's property," then, in the law, the defendant would be liable, without regard to the condition of the engine: *Held,* that the instruction should properly have used the word "dangerous" before the words "combustible materials;" but as the only combustible materials shown to have been

upon the right of- way were dead grass and dry weeds, the omission of that word was harmless error.

3. SAME—*escape of fire from locomotive engine—use of proper appliances.* To overcome the *prima facie* inference of negligence, which arises from the mere fact that damage has been caused by fire communicated from a locomotive engine, it must appear, not only that the engine was provided with the best and most approved appliances, but also that they were at the time in suitable order and repair, and that there was no negligence in their use and management.

4. PRACTICE—*special questions to the jury—failure to return proper answers.* The mere failure of the jury to answer a question submitted to them, or the return by them of an irresponsive or unintelligible answer, will not entitle the party at whose instance the question was submitted, to have judgment in his favor. That is required by the statute only when the special finding is inconsistent with the general verdict.

5. The failure of the jury to answer, or their returning an insufficient answer, ordinarily, at least, will not entitle the party asking the same, to a new trial. He should object before the jury is discharged, so that, if the objection be well taken, the court may send them back to perfect their verdict.

6. In an action against a railway company for the loss of property by the negligent escape of fire from a locomotive, it was charged in the declaration that the fire was communicated first to dry grass, etc., on the right of way, and from thence to plaintiff's premises; and in another count, that the fire communicated from the locomotive to plaintiff's premises. The proof showed clearly that the fire originated in one or the other of these ways, but left it in doubt, there being evidence supporting each count. It was *held*, that the jury were justified in returning a verdict for the plaintiff, without determining decisively whether the fire originated in one or the other of these places. In such case it is immaterial whether the fire started on the right of way or on the plaintiff's land.

7. BILL OF EXCEPTIONS—*motion for continuance.* If a party wishes to assign for error the refusal of the court to grant a continuance on the ground of an amendment of the declaration, he must preserve the motion for the continuance, the decision of the court denying the same, and his exception to such ruling, in a bill of exceptions. If he does not so preserve these matters, the ruling can not be reviewed by this court.

8. PLEADING AND EVIDENCE—*in case of an amended declaration.* Where a declaration to recover damages for the loss of property by fire through negligence is amended, so as to show the loss of a shed instead of a barn, and the amendment is properly made, it will be clearly competent for the plaintiff to support his amendment by proof of the loss as alleged.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. W. H. LYFORD, for the appellant:

The amendment of a declaration in a matter of substance is good ground for a continuance. *Hawks* v. *Lands*, 3 Gilm. 227; *Brown* v. *Smith*, 24 Ill. 197; *Link* v. *Iron Works*, id. 551; *Mills* v. *Executors of Bland*, 76 id. 381; *Wray* v. *People*, 78 id. 212; *Dacey* v. *People*, 116 id. 555.

The court erred in admitting evidence as to the value of the two sheds, and in refusing the instruction to disregard such evidence.

The court erred in denying defendant's motion for judgment in its favor on the special findings of fact.

The court erred in giving plaintiff's second instruction. There is a material difference between combustible materials and dangerous combustible materials. The word "dangerous" was essential to a correct statement of the law in this instruction. It was error to modify the defendant's tenth instruction asked.

Mr. C. R. STARR, for the appellee.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was an action on the case, brought by Antoine Goyette against the Chicago and Eastern Illinois Railroad Company, to recover damages for the destruction of certain buildings, meadows, hay, grain and other property of the plaintiff, by fire communicated from one of the defendant's locomotive engines.

The declaration contains two counts, the first of which alleges, that the defendant suffered and permitted large quantities of dead grass, dry weeds and other combustible material to remain on its right of way, by means whereof fire was emitted and thrown from a certain locomotive engine of the defendant on its railroad, and ignited said dead grass, dry

weeds and other combustible material, and spread and was communicated from and by the same to and upon the lands of the plaintiff, and destroyed said property.

The second count alleges that, while a certain locomotive engine of the defendant and under its control, was passing upon its railroad near the land, premises, buildings and personal property of the plaintiff, divers sparks and brands of fire escaped and were thrown from said locomotive engine, by and through the carelessness and negligence of the defendant, upon the said land, premises, buildings and personal property of the plaintiff, whereby said property was destroyed.

The defendant pleaded not guilty, and at the trial the jury found the defendant guilty and assessed the plaintiff's damages at $1385, and for that sum and costs the court, after denying the defendant's motion for a new trial, gave judgment for the plaintiff. Said judgment having been taken to the Appellate Court by writ of error, was affirmed, and the defendant now brings the record here by appeal from the judgment of that court.

The two counts of the declaration proceed upon different and in some respects inconsistent theories as to the way in which the fire originated, and the nature of the negligence with which the defendant is chargeable. According to the first count the fire ignited among the dead grass and dry weeds on the defendant's right of way and spread and was communicated therefrom to the plaintiff's land, the negligence charged being, permitting said dead grass and dry weeds to remain on said right of way. The second count alleges that the sparks and brands of fire were thrown from the engine on to the plaintiff's land and ignited a fire there, and that the escape of said sparks and brands of fire from the engine was through the negligence of the defendant. There was evidence applicable to and tending to sustain each of these counts, and while the record fails to show upon which of these theories the jury proceeded, still, as they found a general verdict for the plaintiff on both counts,

it is not within the province of this court to review their finding, since to do so would necessitate the investigation of mere questions of fact as to which the judgment of the Appellate Court is final. Nor is it material whether, in the opinion of the jury the evidence sustained the first or the second count, since the conviction of the defendant upon either is sufficient to sustain the judgment.

The first error assigned is upon the refusal of the trial court to grant the defendant's motion for a continuance. The clerk of that court has incorporated into the record proper a memorandum that, just as the jury were about to be impanelled for the trial of the cause, the plaintiff, by. leave of the court, amended his declaration by striking out of the description of the property alleged to have been destroyed, the words, "one barn," and inserting in lieu thereof, "one shed on side of barn 14x40 feet, and one pig-shed 8x16 feet;" that the defendant thereupon moved for a continuance on account of said amendment, and supported his motion by an affidavit, and that the plaintiff having elected to admit said affidavit, the motion for a continuance was overruled. It is not even stated in said memorandum that any exception was preserved by the defendant to the order of the court denying its motion. The bill of exceptions shows that on the trial, said affidavit for a continuance was offered and read in evidence to the jury by the defendant, but neither the motion for a continuance, the decision of the court denying the motion, nor any exception to such ruling was preserved in the bill of exceptions. Motions of this character and the decision of the court thereon can be made part of the record only by bill of exceptions. It follows that said ruling is not so preserved as to be subject to review on appeal.

Complaint is also made of the admission by the court of evidence in relation to the loss by fire of the two buildings described in the amendment to the declaration. Assuming, as in the present state of the record we must, that the amend-

ment was properly made, and that the motion for a continuance based upon the allegation of surprise was properly denied, we can perceive no tenable objection to said evidence. It was clearly competent and tended to support the declaration, and it would have been error to exclude it. It also follows that the instruction asked by the defendant directing the jury to exclude from their estimate of damages the value of the two buildings described in the amendment to the declaration was properly refused.

The jury, at the instance of the defendant, were required to return special findings as to several questions of fact, and it is insisted that one at least of said special findings is inconsistent with the general verdict, and that judgment therefore should have been rendered upon such finding in favor of the defendant. The question submitted was this: "Did the fire in question in this case begin on the defendant's right of way, or did it begin on the plaintiff's property?" The answer to this question returned by the jury was: "No proof of evidence." This can scarcely be said to be any finding at all, as it is very difficult if not impossible to tell what the jury meant by it. But the mere failure of the jury to answer a question submitted to them, or the return by them of an irresponsive answer, will not entitle the party at whose instance the question was submitted to have judgment in his favor. That is required by the statute only when the special finding is inconsistent with the general verdict. Nor, in our opinion, will the failure by the jury to answer, or their returning an insufficient answer, ordinarily at least, entitle the party to a new trial. He should make the objection at the time the verdict is returned and before the jury is discharged, and then if there is no answer or the answer is irresponsive, the court may direct the jury to retire and perfect their verdict.

But giving the answer in this case the interpretation most favorable to the defendant, it may be held to mean, that there was no evidence in the case from which the jury could say

decisively whether the fire begun on the right of way or on the plaintiff's land. Interpreted thus, it amounted to a confession by the jury of their inability to answer the question either way, or, in other words, to a finding that it was not proved whether the fire originated in one place or the other. Such finding is clearly immaterial, unless the case, as made by the pleadings and evidence, is so circumstanced, that no recovery can be had, so long as that question is unsettled. We are of the opinion that such is not the case here.

In determining whether this is so or not, we must assume as proved everything which the evidence tends to prove. We must therefore assume the escape of the fire from the defendant's engine, causing the fire which destroyed the plaintiff's property; also the fact that such escape of fire was owing to the defendant's negligence, such negligence being proved, *prima facie*, by force of the statute, by the mere fact that the fire which destroyed the plaintiff's property was communicated from the defendant's engine, and by the further fact shown by the evidence, that on the same day and while making the same trip, fires were set by sparks escaping from said engine at various places along the line of the railroad for several miles both ways from the plaintiff's farm. From the last named fact the inference fairly arises, either that the engine was not in proper condition, or that it was improperly managed. The evidence also tended to show, that although the defendant's section men had attempted, two or three days before the fire in question, to remove the dead grass and dry weeds from the defendant's right of way, they had done so only in part, and that a considerable amount of such combustible material was left remaining. There was also evidence that, whether the fire broke out on the right of way or on the plaintiff's land, it in fact burned to some extent the grass and weeds on the right of way.

These being the facts, it does not seem to be material whether the fire started on the right of way or on the plaintiff's land. As the evidence tended to sustain the charge of negligence in

both counts, if the fire started on the right of way, the evidence warranted a recovery under the first count, and if it started on the plaintiff's land, it warranted a recovery under the second count. It was unquestionable that the fire originated in one or the other of these places, and a recovery being warranted in either case, the jury were justified in finding a verdict for the plaintiff without determining decisively whether it originated in one or the other of these places.

The defendant assigns for error the giving of the following instruction at the instance of the plaintiff:

"The court instructs the jury that, if the right of way was not clear of dry weeds and combustible materials, but that the fire took on said right of way in consequence of such combustible material being there, and was thus communicated to the plaintiff's property, then in law the defendant would be liable without regard to the condition of the engine."

This instruction holds, in effect, that a failure on the part of the defendant to keep its right of way clear of dry weeds and combustible material was negligence *per se*, and the only criticism made upon it is, that it fails to use the word "dangerous" before the words "combustible materials." It is not disputed that a failure to perform a duty commanded by the statute may properly be denominated negligence *per se*, but it is objected that the instruction fails to follow the language of the statute. The second section of the act of 1874 in relation to fencing and operating railroads provides as follows: "It shall be the duty of all railroad corporations to keep their right of way clear from all dead grass, dry weeds and other dangerous combustible material, and for neglect shall be liable to the penalties named in section one." 2 Starr & Cur. 1933.

It must be admitted that, under this statute, a failure by a railroad company to keep its right of way clear of combustible material, other than dead grass and dry weeds, can not be held to be negligence *per se*, unless such combustible material is "dangerous." The statute seems to assume that dead grass

and dry weeds left by a railroad company on its right of way are in their nature dangerous, and the duty is imposed upon railroad companies to keep their rights of way clear of those and other dangerous combustible material. The instruction, to be accurate, should have used the word "dangerous," but under the evidence in this case, the error was not a material one. The only combustible material shown by the evidence to have been on the defendant's right of way was dead grass and dry weeds, which the statute, by implication, pronounces dangerous, and the instruction could not have been understood by the jury as having reference to any other kind of combustible material. As applied to dead grass and dry weeds the word "dangerous" was unnecessary, and so in this case its omission was harmless.

For the same reason there was no material error in modifying an instruction asked by the defendant, in which the defendant attempted to enumerate the various acts on its part which, if proved, would establish its freedom from negligence, and so defeat a recovery, by inserting the words, "and that the right of way was free from combustible material." As there was no evidence of any combustible materials except those which by the statute are declared to be *per se* dangerous, the omission in the modification of the word "dangerous" could have wrought no prejudice to the defendant.

The following instruction was asked by the defendant, and was given after striking out that part of it in brackets:

"The mere fact that fire from the defendant's locomotive caused the plaintiff's damages is only prima facie evidence and not conclusive. [If the defendant has proved by competent evidence, that it used the best and most approved means and methods for preventing damages by fire from its locomotive, such proof is sufficient to overcome said prima facie evidence of negligence."]

The portion of the instruction stricken out was clearly calculated to mislead the jury. It might and most likely would

have been understood by them as holding that the *prima facie* inference of negligence would be rebutted by proof merely that the defendant had in use the best and most approved appliances for preventing damages by fire, irrespective of whether they were at the time in suitable order and repair, or whether there was negligence in the way in which they were controlled and managed. To overcome the *prima facie* inference of negligence which arises, by force of the statute, from the mere fact that damages have been caused by fire communicated from a locomotive engine, it must appear not only that the engine was provided with the best and most approved appliances, but also that they were at the time in suitable order and repair, and that there was no negligence in their use and management. *C. & A. R. R. Co.* v. *Quaintance,* 58 Ill. 389; *C. & A. R. R. Co.* v. *Clampit,* 63 id. 95; *T. W. & W. Ry. Co.* v. *Larmon,* 67 id. 68; *P. C. & St. L. Ry. Co.* v. *Campbell,* 86 id. 443.

We are of the opinion that the record is free from material error, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*