Toledo, St. L. & K. C. R. R. Co. v. Kingman.

1. *Railroads—Damages by Fires, etc.*—When an injury results from fires originating on the right of way of a railroad, and shown to be caused by sparks thrown out by an engine, a *prima facie* case is made for the plaintiff, subject, however, to be rebutted by evidence that the company used a very high degree of care and skill to avoid inflicting the injury in the construction and operation of its engine.

2. *Instructions—Owner of Premises Injured by Fire.*—In action against a railroad company for burning a meadow, the court instructed the jury that, "i. shall not, in any case, be considered negligent on the part of the owner or occupant of the property, that he has used the same in the same manner, or permitted the same to be used or remain in the same condition it would have been used or remained, had no railroad passed through or near the property so injured. *Held*, proper under the evidence, no question of due care on the plaintiff's part being raised.

3. *Railroads—Damage by Fire—Use of Lands, etc.*—It is not error to refuse to allow a witness to testify to facts tending to show that a meadow destroyed by fire, would produce more profitable crops of corn than of hay. The fact that the land, after the destruction of the meadow by fires, had it been cultivated in corn, would have yielded a crop more valuable than in hay, is a matter entirely irrelevant to the right or amount of recovery.

**Memorandum.**—Action for damages. Appeal from a judgment for plaintiff, rendered by the Circuit Court of Shelby County; the Hon. JAMES A. CREIGHTON, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed March 6, 1893.

### APPELLANT'S BRIEF, H. A. NEAL, ATTORNEY.

The statute means that if fire is set by engines, that creates the presumption of negligence, and unless such presumption is rebutted by defendant, plaintiff's case is made. But such presumption may be rebutted, and is in fact rebutted when the defendant shows such engines were equipped with latest improved spark arresters, that the same were in good repair, and that such engines were properly and carefully managed by competent and skillful engineers; and when thus rebutted, a verdict for plaintiff can not be sustained unless there is some evidence showing negligence other than the mere fact of the setting of the fire. C. & A. R. R. Co. v. Smith, 11 Brad. 348; C. & A. R. R. Co. v. Quaintance, 58 Ill. 389; T. W. & W. R. R. Co. v. Larmon, 67 Ill. 68; St. L., V. & T. H. R. R. Co. v. Funk, 85 Ill. 460; I., B. & W. R. R. Co. v. Craig, 14 Brad. 407; C. & N. W. R. R. Co. v. Boller, 7 Brad. 626; I. C. R. R. Co. v. Mills, 42 Ill. 407.

### APPELLEE'S BRIEF, CHAS. BENNETT, ATTORNEY.

This case is so nearly like Wabash Railroad Co. v. Smith, 42 Ill. App. 527, which has recently been before this court, that we deem it unnecessary to cite any other authority.

### OPINION OF THE COURT, BOGGS, J.

Fire communicated to appellee's premises from the engines of the appellant company, burned a stack of hay, some

T., St. L. & K. C. R. R. Co. v. Kingman.

1,600 rails in a fence, and about eighteen acres of meadow. This action was instituted before a justice of the peace to recover the damages thus occasioned. The appellant company brought the case into the Circuit Court by appeal and this is an appeal from the judgment in favor of the appellee in the Circuit Court. The fires in question originated off the appellant's right of way, and it is conceded that the evidence sufficiently shows that they were caused by sparks of fire thrown out by engines of the appellant. This made a full *prima facie* case for the appellee and charged the appellant with negligence (Sec. 104, Chap. 114, S. & C. Statutes), subject, however, to be rebutted by evidence that the appellant used a very high degree of care and skill to avoid inflicting the injury. It has been held that under the circumstances presented in cases hereafter cited, that this statutory presumption of negligence was rebutted by showing that the engine was equipped with the most effective appliances for arresting sparks in use or known to the profession of locomotive engineers; that the same was in good order and repair and that the servants in charge of the engine were competent and experienced, and that they properly and carefully handled and controlled the engine. C. & A. R. R. Co. v. Quaintance, 58 Ill. 389; T. W. & W. R. R. Co. v. Larmons, 67 Ill. 68; St. L., V. & T. H. R. R. Co. v. Funk, 85 Ill. 460; I. C. R. R. Co. v. Mills, 42 Ill. 407. All this, appellant insists, was proven in the case at bar. The uncontradicted testimony was that the engines were supplied with the necessary spark arresters, but it can not be said that the proof as to the condition of such appliances on the respective dates of the fires was of the most satisfactory character. The first of the fires was occasioned on July 23d by sparks or cinders from engine No. 34, and the last fire was on August 4th, and was caused by engine No. 46. The testimony of John Folk, appellant's master mechanic, and of John Kelly, its boiler maker, is relied upon to show that the "spark arresters" were in good condition and repair at the time of the respective fires. The master mechanic could not fix a date when he had examined these appliances upon

either engine. He made examinations only when his atten-
tion was called to them and the occasion required an exam-
ination and did not assume to know the condition immedi-
ately before the engines went out upon the road or after
they returned from the trips in question; Mr. Kelly only
testified to examinations made of the engines some days after
the fires. The jury were warranted from the evidence in
believing that cinders as large as a " small hazel nut " were
cast by the engine across the appellant's right of way and
upon the appellee's premises.

It has frequently been held, that from such proof an infer-
ence arises, that there was something unsuitable or improper
in the construction of the engine, or in the appliances in-
tended to arrest the escape of fire or sparks, or that the
same was not in good order and repair. 8 Amer. & Eng.
Ency. of Law, page 8, note 1.

The master mechanic stated that cinders of that size could
not escape from an engine if the appliances were in order,
and the testimony of Mr. Leonard, one of the appellant's
engineers, was to the same effect; Mr. Leonard also testified
that it was the " firing and working of an engine " that
caused it to throw sparks.

There was no proof as to the competency or experience
of the " fireman " on either engine. When the evidence is all
considered, certainly we can not say that it is manifest that
the jury should have concluded that the appliances for ar-
resting sparks were in good order, or that the engines were
manned by competent, experienced firemen. It further ap-
peared from the evidence that the engines were drawing
long trains of freight cars, at a high rate of speed, up an
ascending grade, which demanded rapid exhaustion of steam,
and the consequent blowing out of sparks and fire to a much
greater extent than usual, that everything was dry, and the
danger of communicating fire from an engine great. All
of this was proper for the consideration of the jury in
considering whether the appellant exercised the very high
degree of care and caution necessary to rebut the statutory
imputation of negligence.

The first instruction given for the appellee omits reference to any duty of the appellee to use ordinary care, etc. For this reason a reversal is asked.    Sec. 104, Chap. 114, R. S. (S. & C. Statutes, p. 1949), upon which this recovery is based, provides:  "It shall not in any case be considered negligent on the part of the owner or occupant of the property injured, that he has used the same in the same manner, or permitted the same to be used, or remain in the same condition it would have been used or remained, had no railroad passed through or near the property so injured."    The uncontradicted evidence shows that the appellee was using her property as this statute gave her the right to do. There was no question of " due care " upon her part raised by any evidence in the case, and consequently no injury could have occurred by reason of the omission complained of.

It is complained that the court refused to allow the witness, Bolt, on cross-examination, to testify to facts which the appellants contend would tend to show that the meadow land would produce more profitable crops of corn than of hay.    It is argued that if the land, after the destruction of the meadow by fires, could have been cultivated in corn, and would have yielded probably a crop more valuable than the hay crop, that in such case the appellee ought not to be allowed damages for the destruction of the meadow.    The appellee chose to devote the land to the production of hay. She had the right to do so and had secured a productive meadow upon it.    She was damaged by its destruction and was entitled to recover such damages.    Whether she could more profitably employ the land in the production of corn or some other crop was entirely irrelevant to the right or the amount of such recovery.

Complaint is made that Bolt was permitted to testify as to the condition of the right of way.    The case came into the Circuit Court by appeal from a justice of the peace. There was no declaration and the appellee had the right to introduce testimony tending to show a right of recovery under the provisions of Sec. 63, Chap. 114, R. S., requiring that

the right of way of appellant be kept clean of combustibles.
As the evidence, when finally heard, did not warrant a
recovery under Sec. 63, the court, at the request of the ap-
pellant, instructed the jury that it was wholly immaterial
whether the right of way was free from combustibles or not.
We do not think the appellant has just cause of complaint
of such action of the court, or that there is error in the rec-
ord in any other respect. The judgment must be and is
affirmed.