## Samuel R. Callaway, Receiver of the Toledo, St. L. and K. C. R. R. Co. v. John T. Sturgeon.

1. NEGLIGENCE—*Setting Fires—Proof.*—In actions against railroad companies for damages caused by fire, proof that the fire was communicated by a passing locomotive on the defendant's road is under par. 104, page 1949, S. & C. Statutes, to be taken as full *prima facie* evidence, to charge the company with negligence.

2. RAILROAD COMPANIES—*Negligence in Setting Fires—Questions for the Jury.*—In an action for damages done by fire, the question as to whether the *prima facie* proof under the statute has been overcome by the defendant's evidence is one of fact for the jury.

Trespass on the Case, for damages by fire. In the Circuit Court of Fayette County; the Hon. JACOB FAUKE, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; error by defendant. Heard in this court at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

BRIEF FOR PLAINTIFF IN ERROR, BAYLESS & GUENTHER, ATTORNEYS; CLARENCE BROWN, OF COUNSEL.

There must be some negligence upon the part of the railroad company before a liability can arise. It is fundamental law that a railway company, when properly organized and empowered by the laws of the State, has full authority and right to use its right of way for its legitimate chartered purposes, to the exclusion of all the world; and it has an absolute right to work its engines in the usual and proper way, and when necessary, in the exercise of this right, to

send forth particles of fire from them, and it is not liable for injuries caused thereby to private property, unless it fails to exercise its right in a lawful manner and with reasonable care and skill. Pierce on R. R. 431; 1 Thompson on Negligence, 162; Williams v. N. A., etc., R. R. Co., 5 Ind. 111; P., C. & St. L. R. R. Co. v. Jones, 86 Ind. 496.

Where the evidence does not sustain the verdict it is the duty of the court to set the verdict aside and grant a new trial. C. & A. Ry. Co. v. Stumps, 71 Ill. 567; Brown v. Klagle, 2 Brad. 414; Clark v. People, 111 Ill. 404.

BRIEF FOR DEFENDANT IN ERROR, HENRY & GUINN, ATTORNEYS.

Where a *prima facie* case is made by showing that fire escaped from a passing engine and set fire outside the right of way, the burden of proof is changed to the defendant. The finding of the jury upon that issue will not be disturbed unless the verdict is wholly unwarranted by the evidence in the case. St. Louis, A. & T. R. v. Storts, 47 Ill. App. 342; L. & E. R. R. Co. v. Spencer, 47 Ill. App. 503; Chicago & E. R. R. Co. v. Gayette, 133 Ill. 21; Wabash R. R. Co. v. Francis, 42 Ill. App. 527; Toledo, St. L. & K. C. R. R. Co. v. Anderson, 48 Ill. App. 130; Same v. Kingman, 49 Ill. App. 43.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit was brought to recover damages for the destruction of fence rails and damage to meadow of plaintiff by fire, averred to have been caused by sparks and brands of fire thrown from defendant's locomotive engine. The jury found defendant guilty of the negligence charged, and assessed plaintiff's damages at $82. For this sum and costs of suit judgment for plaintiff was entered, to reverse which the defendant sued out this writ of error. Twelve errors are assigned, and one only seems to be relied on, viz.: That the verdict was against the evidence and the court erred in refusing to set it aside.

It was proven that the fire was communicated by the defendant's locomotive engine while passing along its rail-

road, and by the provision of Par. 104, p. 1949, Starr & Curtis Rev. Statute, 2d Vol., this proof must be taken as full *prima facie* evidence to charge the defendant with the negligence complained of.   The *prima facie* case for plaintiff thus established was sought to be overcome by the evidence of servants of the defendant, to the effect that the engine was equipped with a spark-arrester of the most approved style, in good repair, and was operated by a skilled and competent engineer and fireman.

But it also appears in evidence when the fire was communicated, the engine was pulling a light train at ordinary speed, on a down grade, and the engineer testified on cross-examination that if the spark-arrester was in good condition under the conditions in which he was then running his train, he did not believe the engine could throw fire and ignite grass 110 feet away, and further testified that he did not believe that sparks could escape through a properly constructed arrester under the conditions in which he was then running and set fire to grass 110 feet off.   And it does appear by the proof, the fire was communicated to the grass of plaintiff at that distance from the passing engine.   A conflict of evidence thus existed touching the character and condition of the spark-arrester, a vital question in the case, which the jury determined in favor of appellee, and no good reason appears for disturbing the verdict.   St. L., A. & T. R. Co. v. Stratz, 47 Ill. App. 342; L. E. & St. L. Con. R. Co. v. Spencer, Ibid. 503; C. & E. I. R. R. Co. v. Gazette, 133 Ill. 21; T., St. L. & K. C. R. R. Co. v. Kingman, 49 Ill. App. 43; and L. E. & W. v. Black, decided by this court June 23, 1894, sustain our view above expressed.   Judgment affirmed.