## Chicago & E. Ill. R. R. Co. v. Fred Madison.

1. RAILROADS—*Engines Emitting Fire.*—Where a fire is not set on the right of way and the proof shows that at the time of passing the place where it occurred the engine in question was in good order, and was equipped with one of the best and most approved appliances in use for arresting sparks and preventing the escape of fire, in good repair, the engine in charge of a competent and skillful engineer and carefully managed, our courts have uniformly held there can be no recovery of damages.

**Action in Case.**—Loss of property by fire. Trial in the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1898. Reversed and remanded. Opinion filed April 11, 1899.

W. R. HUNTER, attorney for appellant.

It is not enough to show simply that the engine threw fire out of the smokestack, but the plaintiff must show by a preponderance of the evidence that such fire communicated with the property and destroyed it. S. & C. Stat., Ch. 114, par. 123.

Notwithstanding the statute approved March 29, 1869, the plaintiff was not absolved from the exercise of ordinary care for the safety of his property, and contributory negligence of appellee would defeat a recovery by him. C. & N. W. Ry. v. Carpenter, 45 Ill. App. 294, and authorities there cited.

Appellee having collected a large quantity of dry hay, hauling some of it a distance of two miles from the track, within 325 feet of the railroad, must be held to assume some of the hazards. American Strawboard Co. v. C. & A. Ry. Co., 75 Ill. App. 420; C. & A. R. R. Co. v. Pennell, 94 Ill. 448; T., P. & W. v. Larmon, 67 Ill. 68; T., P. & W. v. Maxfield, 72 Ill. 95.

Where the action is founded on negligence of any degree, contributory negligence is a defense. Louisville, N. A. & C. Ry. v. Wurl, 62 Ill. App. 381.

PADDOCK & COOPER and E. P. HARNEY, attorneys for appellee, contended that the fire having been set by engine of defendant a *prima facie* case of negligence appeared. L. E. & W. v. Helmerick, 29 Ill. App. 270; Wabash R. R. Co. v. Smith, 42 Ill. App. 527; C. & A. R. R. Co. v. Quaintance, 58 Ill. 389; C. & A. R. R. Co. v. Pennell, 110 Ill. 435; Louisville, etc., R. R. Co. v. Spencer, 149 Ill. 97.

It is not negligence of the owner of property to use his property as if no railroad were there. Sec. 123, Chap. 114, Starr & Curtis; L. E. & W. v. Kirts, 29 Ill. App. 175; L. E. & W. v. Middlecoff, 150 Ill. 27.

The above rule applies as well to conditions arising after the building of the road as before. C., C., C. & St. L. v. Stephens, 74 Ill. App. 586.

Owner need not keep the land adjoining a railroad free from combustible material. C., C., C. & St. L. v. Stephens, 173 Ill. 430.

A company owning a railroad track is liable for the negligent operation of trains operated by another company. Chicago, etc., v. Meech, 163 Ill. 305; Wis. Cen. v. Ross, 142 Ill. 9; Penn. Co. v. Ellett, 132 Ill. 654.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action on the case brought by appellee for damages occasioned to him through the loss of certain hay, by fire, alleged to have been set by sparks escaping from an engine passing on appellant's railroad track.

The proof shows the hay was stored in a barn located on the west side of the right of way, some 325 feet from the center of the railroad track, which at that place runs northeast and southwest. At the time of the fire a strong wind was blowing from the northeast by east. There was no direct evidence of the manner in which the hay caught fire. When it was first seen, some hay which had been dropped on the east side of the barn was burning. There was no evidence of fire on the right of way, and no traces of fire between the right of way and the immediate vicinity of the barn. It was insisted, however, by appellee, the fire was caused by sparks from a passing engine, and in

support of that position, he introduced evidence tending to show that an engine attached to a freight train which passed the place in question, going in a northeasterly direction, shortly before the fire was discovered, was running at something more than the usual rate of speed and was emitting sparks at that point, and also at points some eighty rods south and two or three miles north.

On the other hand appellant introduced evidence to the effect that the railroad track had no perceptible grade within two miles of the place where the fire occurred and that the engine at that point was not laboring; that there was a dwelling house located some seventy-five to one hundred feet northeast of the barn where the hay was stored, and at the time of the fire the members of the family living therein were engaged in preparing supper upon a stove burning soft coal.

Appellant introduced as witnesses employes who swore the engine in question was in first-class condition; was equipped with an extension front spark arrester; that this appliance for arresting sparks is adopted by all the standard railroads in the country, and is one of the best in use; that the spark arrester in the engine in question was examined by the foreman of the appellant, on the day before and the day after the fire occurred and on both occasions was found to be in good condition; that it was examined by the engineer in charge of the engine on his way south before the fire and afterward on his return to Chicago, and found to be all right; that said engineer was a competent, careful and skillful man; that the fireman was a skillful fireman and the engine was properly handled while passing the premises in question. The jury found for the appellee, assessing his damages at $1,200, and judgment was entered upon the verdict for that amount.

We find no material error in the giving or refusing of instructions in this case.

There is very little controversy as to the facts in the case and the only question for us to decide is, whether the evidence was sufficient to sustain the verdict.

Waiving all other questions, the proof in our opinion

shows that at the time of passing the place where the fire occurred, the engine in question was in good order and was equipped with one of the best and most approved appliances in use, for arresting sparks and preventing the escape of fire; that such appliance was in good repair; that the engine was in charge of a competent and skillful engineer and was at the time carefully managed.

Under such circumstances our courts have uniformly held there can be no recovery of damages. C. & A. R. R. Co. v. Quaintance, 58 Ill. 389; C. & E. I. R. R. Co. v. Goyette, 133 Ill. 21; I., B. & W. Ry. Co. v. Craig, 14 Ill. App. 407.

The court therefore erred in not sustaining the motion for a new trial, and the judgment must be reversed and the cause remanded for another trial.