## The Central Illinois Construction Company v. John M. Lloyd.

1. VARIANCE—*how question of, should be raised.* A variance cannot be raised for the first time on appeal; advantage thereof should be taken in the trial court.

2. RAILROAD CROSSINGS—*upon whom duty lies to ring bell, etc.* The duty of ringing a bell or sounding a whistle at railroad crossings is not imposed upon the conductor in charge of the train but is cast upon the person or persons in charge of the engine.

3. NEGLIGENCE—*when doctrine of imputed, does not apply.* The neglect of the persons in charge of an engine to ring a bell or sound a whistle at a railroad crossing is not imputable to the conductor in charge of the train to which such engine is attached.

Action in case for personal injuries. Appeal from the Circuit Court of Montgomery county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

J. H. ATTERBURY, for appellant.

JETT & KINDER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This was a suit in case by appellee against appellant and the St. Louis & Springfield Railway Company to recover damages for injuries alleged to have been sustained by appellee by reason of a collision of a train on the Big Four Railroad, of which appellee was con-

ductor, with a train operated by appellant, while constructing a railroad for the St. Louis & Springfield Railway Company at a crossing in Gillespie.

The original declaration charges in substance that the appellant so operated its train of cars and engine that the same was left standing over and across the crossing aforesaid without any lights, signals or warnings of any kind, and that appellee was running his train on the Big Four Railroad from East St. Louis through Gillespie, and that while passing along said Big Four tracks, said train struck, with great force, the train left standing across the track by appellant, whereby plaintiff was injured, etc.

The second count charges that the St. Louis & Springfield Railway Company was a corporation organized under chapter 114 of the Revised Statutes of Illinois concerning railroads; that it was constructing its line from Carlinville to Staunton and had employed appellant to lay its track, etc.; that appellant was engaged in such construction, that it was necessary to cross the Big Four track at Gillespie, and that the Big Four Company objected to the place and manner of crossing contemplated; that it was unlawful for the St. Louis & Springfield Railway Company to construct the crossing across the Big Four track until the place and the manner of the same had been fixed and determined by the Board of Railroad and Warehouse Commissioners in accordance with the statute entitled "An Act in relation to crossings of one railway by another, and to prevent danger to life and property from grade crossings;" that the St. Louis & Springfield Railway Company, with knowledge that the place and manner of the proposed crossing was objected to by the Big Four Company, proceeded, through appellant, to place said crossing in the night time, in order to evade the provisions of law; that in consequence of the said crossing having been so installed, the plaintiff's train ran into the crossing, and was derailed on account of said crossing having been so placed, by reason of which derailment the plaintiff was injured, etc.

496     APPELLATE COURTS OF ILLINOIS.

VOL. 134.]     Central Illinois Const. Co. v. Lloyd.

The third count is like the second except that it charges that while appellant was engaged in placing the crossing in question, it was possessed of a train and locomotive, and left the same standing on the crossing so unlawfully installed without any lights, signals or warning, and that in consequence of the crossing having been so unlawfully installed and of said cars and locomotive being negligently left standing on the crossing, the plaintiff, while operating his train, struck the cars standing on the crossing, whereby he sustained injuries, etc. The general issue was pleaded by both defendants and upon a trial of the issues joined, a verdict was returned against appellant for $1,000 and the defendant St. Louis & Springfield Railway Company found not guilty.

The evidence tends to establish the following facts: The tracks of the St. Louis & Springfield Railway Company cross those of the Big Four Company on a public street in Gillespie. At the time the crossing was installed, the Big Four had sent a crew with an engine to prevent it but it was installed notwithstanding their efforts to prevent. On the night of the accident, which occurred about a week after the installation of the crossing, a Big Four train, in charge of appellee as conductor, and running at a rate of from 20 to 25 miles an hour, approached from the west and collided with a construction train of appellant, which, after having stopped for some 10 or 15 minutes, within 50 or 100 feet south of the crossing, started north to pass it. While said train was moving slowly over the crossing, the approach of the Big Four train from the west was observed, whereupon the engineer in charge of the construction train reversed his engine and attempted to back off the crossing, but before he was able to do so, the Big Four train struck a car of rails in the construction train, causing appellee, who was at that time riding in the caboose of the former train, to be thrown against a table and upon the floor of the car, injuring his abdomen. While they may have

known that appellant intended placing the crossing in question, none of the crew of the Big Four train knew that it had in fact been installed, and the engineer of such train failed to observe that the track was obstructed until his engine was about fifty feet from the crossing.

During the time the construction train was standing south of the crossing, the conductor in charge had gone to a neighboring livery stable upon an errand. Upon his return to the train he immediately signaled the engineer to proceed north toward the crossing. It does not appear that he made any effort to ascertain whether the way was clear or whether the crossing could be passed with safety. No lookout was stationed at the north end of the train nor was any light or other signal displayed thereon. Duffy, a night policeman at Gillespie, testified that immediately prior to the collision, he was sitting close to the crossing and saw the Big Four train approaching at the rate of twenty miles an hour about two or three miles away, and that finding no lookout at the north or head end of appellant's train, he was compelled to run back to the engine to warn the engineer. From the foregoing facts, which were practically uncontroverted, the jury was warranted in finding that the conduct of those in charge of appellant's train constituted not only a violation of section 12 of the statute regulating the operation of railroads (Rev. Stat. 1905, 1578), but negligence in law as charged in the first count of the declaration. Morris v. Stanfield, 81 App. 264; R. Co. v. Goyette, 133 Ill. 21; R. Co. v. Voelker, 129 Ill. 550.

It is urged, however, that no recovery could be had under such count, as it is therein alleged that appellant left its train standing still upon the crossing, while the proof shows that said train, at the time it was struck, was moving over the crossing. It is true that in this particular a variance exists between the allegations and the proof. The gist of the negligence charged in said count is, however, not

498   APPELLATE COURTS OF ILLINOIS.

VOL. 134.]        Central Illinois Const. Co. v. Lloyd.

permitting of the train to stand upon the crossing, but the failure to give warning in some manner of its presence there. Whether under these circumstances, the train was standing still upon the crossing, or slowly moving over the same, was therefore immaterial, as appellant would be liable in either event. Furthermore, the variance was of such character that advantage of the same should have been taken upon the trial and the objection cannot be properly raised for the first time in this court.

. It is also urged that the verdict cannot be sustained for the further reason that the evidence discloses that appellee was guilty of contributory negligence in that he failed to cause a bell to be rung or whistle to be sounded by the engineer or fireman of his train for the distance of at least eighty rods from the crossing in question, that he failed to bring the train to a full stop within 800 feet therefrom, as required by the statute, and further that he permitted his train to be run at a rate of speed prohibited by an ordinance of the village of Gillespie. Appellee admitted upon the trial that he knew that the St. Louis & Springfield Railroad Company was intending to put in a crossing at the point in question, and that when his train passed there a few nights previous to the accident he observed from the noise of the wheels of the caboose in which he was riding, that the crossing had been placed. It is insisted that while he may not have known that a connection of the tracks of the two railroads had been actually made, he had such knowledge as should have put him on inquiry; that having constructive notice of the crossing, it became his duty to have given the statutory warning and caused the train to be stopped before reaching the crossing. We do not understand that the duties referred to are devolved upon the conductor of a train either by law, custom or rule. They are peculiarly and necessarily those of the person or persons in charge of the engine and the statute evidently so

contemplates. By section 6 of the statute regulating the operation of railroads in this state it is provided that "Every railroad corporation shall cause a bell and a steam whistle to be placed and kept on each locomotive engine and shall cause the same to be rung or whistled by the engineer or fireman, at the distance of at least eighty rods from the place where the railroad crosses or intersects any public highway, and shall be kept ringing or whistling until such highway is reached" (Rev. Stat. 1905, 1578), and by section 13, that "Every engineer or other person having charge of an engine," who shall violate the provisions of section 12, which requires that all trains when approaching a crossing shall be brought to a full stop, etc., shall be subject to a penalty. Rev. Stat. 1905, 1579. It is also apparent that the performance of such duties by a conductor would be impracticable, if not impossible.

If there was any neglect of duty or violation of the statute in these respects, it is obvious that those in charge of the engine were alone guilty, and their negligence cannot be imputed to appellee. R. Co. v. Vipond, 212 Ill. 199. We are satisfied that appellee was not guilty of any negligence which contributed to his injuries.

The evidence so fully established a right of recovery under the first count of the declaration that it will be unnecessary to determine the question raised and argued relative to the remaining counts.

The judgment of the Circuit Court is affirmed.

*Affirmed.*