## Michael Ankenbrandt, Appellant, v. W. W. Joachim, Appellee.

1. DRUGGISTS—*failure to label drugs sold.* The failure to perform the statutory duty of placing labels on drugs sold constitutes negligence *per se.*

2. DRUGGISTS—*failure to label drugs does not relieve purchaser from exercise of reasonable care.* The negligence of a druggist in failing to label drugs sold, as required by statute, does not relieve the purchaser from the exercise of reasonable care and caution in their use.

3. APPEALS AND ERRORS—*estoppel to assert error.* A person cannot assign error on an erroneous principle in an instruction given for his opponent where he has himself recognized such principle in an instruction procured by him.

Appeal from the Circuit Court of Wabash county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed June 5, 1912.

GEORGE P. RAMSEY and THOMAS H. CREIGHTON, for appellant.

E. B. GREEN and THEODORE G. RISLEY, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This action grows out of the following facts, shown by the proofs: Appellant who is a farmer and at times practices veterinary surgery, went to appellee's drug store, in Bellmont, Illinois, on February 28, 1911, and purchased from him a bottle of castor oil and

some Rochelle salts, which he desired to take himself and also some sulphate of zinc to make a wash to be applied to a colt's foot. The salts and sulphate of zinc were wrapped in separate packages and the latter was then attached to a bottle containing the oil by a rubber band. When appellant reached his home, he placed the bottle and the package containing the sulphate of zinc, the two being still attached to each other by the rubber band which was around them, on a shelf in his room, and the other package, containing the Rochelle salts, he placed on a shelf in a cupboard with medicine used by him in his veterinary work. A few days later, appellant wished to take a dose of the salts and his wife undertook to prepare the same for him. She took the package attached to the bottle, put a portion of its contents in water and gave the preparation to appellant to drink. Soon after taking it he became violently ill and, a physician having been called, it was discovered that appellee had taken the sulphate of zinc. He suffered severely from the effects of the poisoning and was confined to his bed some ten days.

Appellant brought suit to recover for his injuries, alleging that appellee had negligently and carelessly placed said sulphate of zinc, which was a poison, in the same package with castor oil without having labeled the former a poison and without placing labels of any kind upon any of said packages as required by Rev. Stat. chap. 91, sec. 30; that by reason of said negligence of appellee, the wife of appellant, while in the exercise of reasonable care for the life and safety of her husband, administered to him the poison, intending and believing that she was administering the Rochelle salts, whereby appellant was poisoned and made sick.

There was a verdict in favor of appellee and a judgment against appellant for costs.

On this appeal appellant questions the correctness of the third instruction given for appellee, and in-

sists that the verdict was against the weight of the evidence. The instruction complained of, told the jury that even if they found that appellee had failed to label the drugs, as required by law, yet that fact would not relieve appellant from the exercise of reasonable care and caution in using the same to prevent injury to himself, and if they further believed from the evidence that appellant knew he had purchased sulphate of zinc with the Rochelle salts, and through his own negligence and want of reasonable care and caution, took the sulphate of zinc instead of the salts, and was thereby made sick and injured, he could not recover for such injury.

We are inclined to agree with appellant in the theory, that if appellee failed to perform his statutory duty to place labels upon the drugs sold, such omission on his part constituted negligence *per se*. C. & E. I. R. R. Co. v. Goyette, 133 Ill. 21.

But such act of negligence on the part of appellee would not relieve appellant from the exercise of reasonable care and caution on his part in using the drugs. It is a fixed rule of law in this state, that, "Where a party seeks to recover damages for a loss, which has been caused by negligence or misconduct, he must be able to show that his own negligence or misconduct has not concurred with that of the other party in producing the injury; and the burden of proof is upon the plaintiff to show, not only negligence on the part of the defendant, but also that he exercised proper care and circumspection, or, in other words, that he was not guilty of negligence." West Chicago St. Ry. Co. v. Liderman, 187 Ill. 463, and cases there cited.

Statutes such as the one above referred to must be distinguished from a statute such as that providing for the health and safety of persons employed in coal mines, which itself creates a liability for any injury tion of it, or any wilful failure to comply with its to person or property, occasioned by any wilful viola-

provisions, under which it becomes unnecessary for the plaintiff to prove, before he can recover, that he was in the exercise of ordinary care and caution for his own safety at the time an injury occurred to him. Browne v. Siegel, Cooper & Co., 191 Ill. 226.

Appellant himself recognizes the rule requiring ordinary care on his part to entitle him to a recovery in his instructions Nos. 3 and 4, so that even if the instruction complained of by him, was not correct he would be in no position to take advantage of the error.

Upon the question as to whether or not appellee placed labels upon the packages, there was a controversy in the evidence. Appellant testified that there were no labels or directions upon the packages and in this he was corroborated by his son. Two of appellant's brothers testified that after appellant had taken the poison, they saw the package, out of which it was said to have been taken and there were no marks or labels upon it, and another witness swore that he saw the package and did not recollect seeing any mark or label upon it. The wrapper, however, in which the poison had been contained, was destroyed prior to the trial and proof was not introduced to show that the one to which the last three witnesses testified was the one out of which the poison was really taken. On the other hand appellee swore positively that he put labels on the packages and that the one containing the poison was marked "Poison. Sulphate of Zinc. W. W. Joachim, Bellmont, Illinois."

The question as to whether the packages were marked in the manner required by law, as well as the further question as to whether appellant was at the time he took the poison in the exercise of ordinary care for his own safety, were questions of fact for the jury, and the proofs upon these questions were such that we do not feel at liberty to disturb their verdict.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*